# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF KENTUCKY (Bowling Green Division)

| | |
|---|---|
| HONORABLE THOMAS MASSIE, HONORABLE RAND PAUL, HONORABLE ANDY BIGGS, HONORABLE DAN BISHOP, HONORABLE LAUREN BOEBERT, HONORABLE ANDREW CLYDE, HONORABLE WARREN DAVIDSON, HONORABLE BOB GOOD, HONORABLE PAUL GOSAR, HONORABLE MARJORIE TAYLOR GREENE, HONORABLE BRIAN MAST, HONORABLE ALEX MOONEY, HONORABLE BARRY MOORE, HONORABLE RALPH NORMAN, HONORABLE BILL POSEY, HONORABLE MATT ROSENDALE, and HONORABLE CHIP ROY, <br><br> Plaintiffs, <br><br> -against- <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION; ROCHELLE P. WALENSKY in her official capacity as Director of Centers for Disease Control and Prevention; and SHERRI A. BERGER in her official capacity as Chief of Staff of Centers for Disease Control and Prevention, <br><br> Defendants. | Civil Action No. 1:22-cv-31-GNS |

## VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, Congress Members Honorable Thomas Massie, Honorable Rand Paul, Honorable Andy Biggs, Honorable Dan Bishop, Honorable Lauren Boebert, Honorable Andrew Clyde, Honorable Warren Davidson, Honorable Bob Good, Honorable Paul Gosar, Honorable Marjorie Taylor Greene, Honorable Brian Mast, Honorable Alex Mooney, Honorable Barry Moore, Honorable Ralph Norman, Honorable Bill Posey, Honorable Matt Rosendale, and

Honorable Chip Roy (collectively, the "**Members**") bring this action against Defendants Centers for Disease Control and Prevention ("**CDC**"), Rochelle P. Walensky (Director of the CDC), and Sherri A. Berger (Chief of Staff of the CDC), (collectively, "**Defendants**").

## PRELIMINARY STATEMENT

1. This case seeks review of an order from the CDC that requires individuals to wear a face mask in transportation facilities and on certain modes of transportation, including airplanes.

2. It has been more than two years since the virus that causes COVID-19 was first detected in the United States.  During that period, Americans have been subject to an increasing amount of government overreach, often in violation of relevant statutes and the United States Constitution.  This is a case seeking to remedy one such overreach.

3. Members seek a declaration and injunction against Defendants' mandate requiring individuals to wear masks while on commercial airlines, conveyances, and at transportation hubs as provided in the *Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs*, 86 Fed. Reg. 8025 (Feb. 3, 2021), available at https://www.govinfo.gov/content/pkg/FR-2021-02-03/pdf/2021-02340.pdf (the "**Mask Mandate**").

4. Defendants should be enjoined from enforcing the Mask Mandate because none of the statutes or regulations cited by the CDC for the authority to adopt this regulation – 42 U.S.C. § 264, 42 C.F.R. §§ 70.2 (the regulation implementing § 264), 71.31(b), and 71.32(b) – permit the CDC to implement or enforce the Mask Mandate.  (*Infra* Count I.)  Even if Congress had granted the CDC the authority to promulgate the Mask Mandate, this authority would violate the nondelegation doctrine.  (*Infra* Count II.)

## PARTIES

5. Plaintiffs are the following Members of Congress listed with their state of residence:

      a. Thomas Massie – Kentucky

      b. Rand Paul – Kentucky

      c. Andy Biggs – Arizona;

      d. Dan Bishop – North Carolina;

      e. Lauren Boebert – Colorado;

      f. Andrew Clyde – Georgia;

      g. Warren Davidson – Ohio;

      h. Bob Good – Virginia;

      i. Paul Gosar – Arizona;

      j. Marjorie Taylor Greene – Georgia;

      k. Brian Mast – Florida;

      l. Alex Mooney – West Virginia;

      m. Barry Moore – Alabama;

      n. Ralph Norman – South Carolina;

      o. Bill Posey – Florida;

      p. Matt Rosendale – Montana; and

      q. Chip Roy – Texas.

6. Defendant CDC is an agency of the United States and is part of U.S. Department of Health and Human Services. Defendant Rochelle P. Walensky, MD is the Director of the CDC and is sued in her official capacity. Defendant Sherri A. Berger, MSPH is the Chief of Staff for the CDC and is sued in her official capacity.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C.

§ 1346(a)(2), and 5 U.S.C. §§ 702 and 706. This Court has the authority to grant declaratory relief under 28 U.S.C. § 2201 and injunctive relief under 28 U.S.C. § 2202.

7. Venue is proper within this judicial district and division pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(e)(1)(C) because one of the Members, Senator Rand Paul, resides in this District and division and this action is brought against Defendants solely in their official capacities. Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. § 97(b).

## FACTS

### A. The Mask Mandate

8. On January 29, 2021, Defendant Berger issued the Mask Mandate and it became effective on February 3, 2021. *See* 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021).

9. The Mask Mandate requires people who are "boarding, disembarking, and traveling" through a "transportation hub" or on "conveyances" into and within the United States to wear masks over their nose and mouth. *Id.* at 8029. The Mask Mandate defines the terms "mask," "conveyance," and "transportation hub" as follows:

- A "mask" is defined as "a material covering the nose and mouth of the wearer, excluding face shields." *Id.* at 8026.

- A "conveyance" is defined as "an aircraft, train, road vehicle, vessel . . . or other means of transport, including military," and includes rideshare arrangements. *Id.* at 8027.

- A "transportation hub" is defined as "any airport, bus terminal, marina, seaport or other port, subway station, terminal (including any fixed facility at which passengers are picked-up or discharged), train station, U.S. port of entry, or any other location that provides transportation subject to the jurisdiction of the United States." *Id.*

10. The Order requires conveyance operators and transportation hub operators to

enforce the Mask Mandate. *Id.* at 8026.

11. The Mask Mandate states that "[m]asks help prevent people who have COVID-19, including those who are pre-symptomatic or asymptomatic, from spreading the virus to others," but provides no findings that show masks have limited the interstate spread of COVID-19 through conveyances and transportation hubs. *Id.* at 8028.

12. The Mask Mandate applies to all travelers, irrespective of whether they have been exposed to COVID-19. It permits everyone, including healthy people and people who may or may not have been exposed to COVID-19, to not wear a mask when eating, drinking, or taking medication, "for brief periods," when wearing of oxygen masks on airplanes is required, or when unconscious or incapacitated. *Id.* at 8027.

13. The Mask Mandate states that it was not subject to notice and comment and a delay in the effective date because "good cause" existed to forgo these basic procedural safeguards, yet the Mask Mandate remains in effect 13 months later, still without any notice or comment. *Id.* at 8030.

14. Violating the Mask Mandate carries criminal penalties. *Id.* at 8030 n.33.

**B. Members**

15. The Members frequently travel via commercial airlines subject to the Mask Mandate, each taking numerous flights per year, including flights that originate or arrive in the Western District of Kentucky.

16. Members are required to wear a mask on each of these flights and while traveling through airports throughout the United States because of the Mask Mandate, except, of course, when he or she is, *inter alia*, eating or drinking or "for brief periods."

17. Members object to wearing a mask and would not wear a mask if the Mask Mandate

5

did not exist. Furthermore, the requirement to wear a mask pursuant to the Mask Mandate requires the Members to purchase masks, causing them ongoing financial harm in the form of out-of-pocket expenditures for the purchase and use of each mask. To be clear, Members do support the right of every individual to make their own decisions as to whether to continue to wear a mask.

**COUNT I**
**AGENCY ACTION NOT IN ACCORDANCE WITH LAW AND IN EXCESS OF AUTHORITY**
(Violation of the Administrative Procedure Act)

18. Members incorporate the foregoing paragraphs as if set forth fully herein.

19. Pursuant to the Administrative Procedure Act (the "**APA**"), a court must "hold unlawful and set aside agency action" that is "not in accordance with law" or "in excess of statutory . . . authority, or limitations, or short of statutory right." *See* 5 U.S.C. § 706(2)(A), (C).

20. The Mask Mandate indicates its statutory and regulatory authority is derived from 42 U.S.C. § 264, 42 C.F.R. §§ 70.2 (the regulation implementing § 264), 71.31(b), and 71.32(b).

21. The Mask Mandate is in excess of that authority for three reasons.

22. First, none of the statutes or regulations it cites authorize the CDC to make or enforce regulations that amount to a blanket preventative measure against people who may or may not be carrying an infectious disease. Such a broad reading of the statute would be "tantamount to creating a general federal police power." *Skyworks, Ltd. v. CDC*, 524 F. Supp. 3d 745, 758 (N.D. Ohio March 10, 2021).

23. Second, the CDC's claim of authority under 42 U.S.C. § 264(a) does not take into account the limiting language also found in that subsection. A statute must be read in context. *Hibbs v. Winn*, 542 U.S. 88, 101 (2004). Section 264(a) grants the CDC the authority to "make and enforce such regulations as in his judgment are necessary to prevent the introduction, transmission, or spread of communicable diseases from foreign countries into the States or

possessions, or from one State or possession into any other State or possession." This grant of authority, however, is limited by the language found in the next sentence: "For purposes of carrying out and enforcing such regulations, the [CDC] may provide for such inspection, fumigation, disinfection, sanitation, pest extermination, destruction of animals or articles found to be so infected or contaminated as to be sources of dangerous infection to human beings, and other measures, as in his judgment may be necessary." 42 U.S.C. § 264(a). The catchall provision "and other measures" is limited to "the kinds of measures" like the ones listed in the statute. *Ala. Ass'n of Realtors v. HHS*, 141 S. Ct. 2485, 2488-89 (2021). A mask mandate for all people, including those whose infection status is unknown, is unlike any of the measures listed in the statute.

24. Third, the CDC's interpretation of 42 U.S.C. § 264 ignores the structure of the statute. The Mask Mandate repeatedly cites § 264(a) as its authority. But § 264(a) only allows the CDC to impose specific restrictions on property interests. The Mask Mandate is a restriction on travelers' liberty interests, which is an issue addressed by § 264(d). Section 264(d) applies only to "any individual reasonably believed to be infected with a communicable disease" and allows for apprehension and examination under only those circumstances. Read as a whole, as courts must do, it is clear that the "other measures" clause found in § 264(a) does not allow the CDC to restrict the liberty interest of *all* travelers by requiring them to wear a mask.

25. On its face and as applied, the Mask Mandate violates Members' right to be free from unlawful regulations, and Members will be irreparably harmed unless this Court enjoins Defendants from enforcing the Mask Mandate. Members have no plain, speedy, and adequate remedy at law to prevent the Defendants from enforcing the Mask Mandate, and if not enjoined by this Court, Defendants will continue to enforce the Mask Mandate in violation of Members' rights. Accordingly, injunctive relief is appropriate.

26. An actual and substantial controversy exists between Members and Defendants as to their legal rights and duties with respect to whether the Mask Mandate exceeds the CDC's statutory authority. The case is presently justiciable because the Mask Mandate applies to Members on its face, and Members will face sanctions if they do not comply. Declaratory relief is therefore appropriate to resolve this controversy.

### COUNT II
### AGENCY ACTION VIOLATES THE NONDELEGATION DOCTRINE
(Violation of U.S. Const. Art. I, § I)

27. Members incorporate the foregoing paragraphs as if set forth fully herein.

28. Article I, Section I of the U.S. Constitutions states, "All legislative powers herein granted shall be vested in a Congress of the United States." Beyond exceeding the authority granted to the CDC under 42 U.S.C. § 264 and the relevant regulations, the Mask Mandate also constitutes an unconstitutional delegation of legislative power to the CDC.

29. To comply with the nondelegation doctrine, a statute must delineate: (1) a general policy; (2) the agency to apply it; and (3) the boundaries of the delegated authority. *See Mistretta v. United States*, 488 U.S. 361, 372-73 (1989). The boundaries of the delegated authority must meaningfully constrain the Executive Branch's discretion.

30. If 42 U.S.C. § 264 could, in fact, be read to authorize the CDC to implement the Mask Mandate (which should not be the case), it does not provide adequate boundaries that meaningfully constrain the agency's authority. Accordingly, it violates the nondelegation doctrine. Members allege that both on its face and as applied, the Mask Mandate violates their constitutional rights.

31. Members will be irreparably harmed unless this Court enjoins Defendants from enforcing the Mask Mandate, and Members have no plain, speedy, and adequate remedy at law to

prevent the Defendants from enforcing the Mask Mandate. If not enjoined by this Court, Defendants will continue to enforce the Mask Mandate in violation of Members' rights. Accordingly, injunctive relief is appropriate.

32. An actual and substantial controversy exists between Members and Defendants as to their legal rights and duties with respect to whether the Mask Mandate violates the United States Constitution. The case is presently justiciable because the Mask Mandate applies to Members on its face, and Members will face sanctions if they do not comply. Declaratory relief is therefore appropriate to resolve this controversy.

## **PRAYER FOR RELIEF**

Pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57, it is appropriate and proper that a declaratory judgment be issued by this Court, declaring that the Mask Mandate is beyond the CDC's statutory authority or is unconstitutional, and that the Court issue an injunction prohibiting Defendants from enforcing the Mask Mandate pursuant to 28 U.S.C. § 2202 and Fed. R. Civ. P. 65.

WHEREFORE, Members pray for judgment against Defendants and that the Court:

(1) Declare that the Mask Mandate is beyond the CDC's statutory authority because it is not authorized by 42 U.S.C. § 264;

(2) Declare that the Mask Mandate is invalid under the Administrative Procedure Act, 5 U.S.C. § 706, because it exceeds the CDC's statutory authority;

(3) Declare that the Mask Mandate violates the nondelegation doctrine of the U.S. Constitution and is therefore a violation of the separation of powers;

(4) Hold unlawful and set aside the Mask Mandate;

(5) Issue an injunction against the Defendants, as well as all agents, administrators,

employees, or other persons acting on behalf of the Defendants, from enforcing the Mask Mandate;

(6) Award Members their costs and expenses incurred in bringing this action, including, but not limited to, reasonable attorney fees pursuant to 28 U.S.C. § 2412; and

(7) Grant such other and further relief as the Court deems equitable, just, and proper.

Dated: March 14, 2022                    **SIRI & GLIMSTAD LLP**

Aaron Siri (Pro Hac Vice to be filed)
Elizabeth A. Brehm (Pro Hac Vice to be filed)
Catherine Cline (Pro Hac Vice to be filed)
200 Park Avenue, 17th Floor
New York, New York 10166
Tel: (212) 532-1091
aaron@sirillp.com
ebrehm@sirillp.com
ccline@sirillp.com

Ursula Smith (Pro Hac Vice to be filed)
100 Congress Avenue, Suite 2000-4590
Austin, Texas 78701
Tel: (512) 265-5622
usmith@sirillp.com

**Chris Wiest, Attorney at Law, PLLC**

/s/Christopher D. Wiest
Christopher Wiest (KBA #90725)
Chris Wiest, Attorney at Law, PLLC
25 Town Center Blvd, Ste. 104
Crestview Hills, Kentucky 41017
Tel: (513) 257-1895
chris@cwiestlaw.com

*Attorneys for Members*

## VERIFICATION

I, THOMAS MASSIE, declare and state as follows:

I am a citizen of the United States and of Kentucky. I have read the foregoing Complaint and know the contents thereof as to myself, that the same is true to my own knowledge, and as to all other matters on information and belief and I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Executed on this 14th day of March 2022 in Lewis County, Kentucky.

*Thomas Massie*
Thomas Massie