UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| HON. THOMAS MASSIE, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> CENTERS FOR DISEASE CONTROL AND PREVENTION, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-00031-BNB-HBB |

**JOINT SUPPLEMENTAL BRIEF IN RESPONSE
TO COURT'S ORDER OF JULY 14, 2022**

Plaintiffs, the Honorable Thomas Massie and other members of the United States House of Representatives and the United States Senate; and Defendants, U.S. Department of Health & Human Services ("HHS"), U.S. Centers for Disease Control & Prevention ("CDC"), CDC Director Rochelle P. Walensky, and CDC Chief of Staff Sherri A. Berger; respectfully submit this supplemental brief in response to the Court's order of July 14, 2022. ECF No. 29. The order states:

> The Court orders the parties to submit supplemental briefs on whether this case is moot—including whether the Plaintiffs face any ongoing prospect of harm, the status of the CDC's mask order, and enforcement of the order by the CDC or any other governmental actor. The parties may respond jointly or separately, but must address whether and why this Court does or does not retain jurisdiction to decide this case. Initial briefs are due from all parties by 7/29/22, and any party may file a joint or separate response by 8/12/22.

This case concerns the CDC's transportation masking order. CDC, *Order Under Section 361 of the Public Health Service Act, Requirement for Persons to Wear Masks While on Conveyances and at Transportation Hubs,* 86 Fed. Reg. 8025, 8026 (Feb. 3, 2021). A district court in Florida vacated the CDC's transportation masking order on April 18. *Health Freedom Def. Fund, Inc. v. Biden*, No. 21-cv-1693, ---

F. Supp. 3d ---, 2022 WL 1134138 (M.D. Fla. Apr. 18, 2022), *appeal docketed*, No. 22-11287 (11th Cir. Apr. 21, 2022). Although Defendants are appealing that order, they have not sought a stay pending appeal. As a result, since the afternoon of April 18, the federal government has not required anyone to wear masks on public transportation conveyances or at public transportation hubs. CDC and TSA both promptly issued public statements to that effect.[1] In another case in the United States District Court for the Middle District of Florida challenging the CDC's public transportation mask order, the district court granted the government's motion for summary judgment, rejecting, inter alia, claims that the CDC's mask order violated: (1) statutory limitations on the agency's authority; (2) the procedural requirements of the APA; (3) the substantive requirements of the APA; and (4) the non-delegation doctrine and the Tenth Amendment's anti-commandeering doctrine. *Wall v. CDC*, No. 21-cv-975, 2022 WL 1619516 (M.D. Fla. Apr. 29, 2022), *appeal docketed*, No. 22-11532 (11th Cir. May 4, 2022).[2]

Although no party contends at this time that this case is moot,[3] the parties agree that judicial economy would be best served by staying this case until the 11th Circuit has issued an interim or final

---

[1] CDC, *Order: Wearing of face masks while on conveyances and at transportation hubs* (Apr. 18, 2022), https://perma.cc/4FPS-EP8V ("As a result of a court order, effective immediately and as of April 18, 2022, CDC's January 29, 2021 Order requiring masks on public transportation conveyances and at transportation hubs is no longer in effect. Therefore, CDC will not enforce the Order."); TSA, *Statement regarding face mask use on public transportation* (Apr. 18, 2022), https://perma.cc/NTJ2-MSNL ("Due to today's court ruling, effective immediately, TSA will no longer enforce its Security Directives and Emergency Amendment requiring mask use on public transportation and transportation hubs. TSA will also rescind the new Security Directives that were scheduled to take effect tomorrow.").

[2] Plaintiffs in this case do not believe that *Wall* is dispositive or bears on this case, since it involves different claims, is being litigated by a *pro se* party, and, perhaps most importantly the Plaintiff in *Wall* was unsuccessful at obtaining relief from the mandate.

[3] *But see Andreadakis v. CDC*, No. 3:22-cv-52 (DJN), 2022 WL 2674194, at *13–15 (E.D. Va. July 11, 2022) (dismissing case against government defendants without prejudice on mootness grounds).

Plaintiffs in this case contend that this case is not moot because, if the Government is successful in the Eleventh Circuit, it is highly likely that the challenged mask mandate will be reinstated. Further, Plaintiffs contend that this case fits within the voluntary cessation exception to mootness. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000); *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013); *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2019 n.1 (2017); *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 767 (6th Cir. 2019); *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 342-43 (6th Cir. 2007) ("In this case, that burden is increased by the fact that the voluntary cessation only appears to have occurred in response to the present litigation, which shows

decision in *Health Freedom* regarding the mask mandate. Put simply, it would not be a good use of the parties' and the Court's time and resources to proceed with litigation at this time when the Eleventh Circuit is already considering appeals challenging the same CDC order and the requirement that Plaintiffs challenge is not currently in effect. Accordingly, a stay of this case pending the appeal in *Health Freedom* is warranted, as other courts have ordered. Minute Order, *Carlin v. CDC*, No. 1:22-cv-800 (D.D.C. June 24, 2022); Order, *Florida v. Walensky*, No. 8:22-cv-718 (M.D. Fla. June 2, 2022) (same); Order, *Van Duyne v. CDC*, No. 22-cv-122-O, ECF No. 41 (N.D. Tex. May 24, 2022) (same); Order, *Family Research Council Action, Inc. v. Biden*, No. 22-cv-209-O, ECF No. 46 (N.D. Tex. May 24, 2022) (same).[4]

---

a greater likelihood that it could be resumed."). Further, at least at present, Plaintiffs contend that the capable of repetition exception also applies. "The exception applies where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Fed. Election Comm'n v. Wisconsin Right To Life, Inc.*, 551 U.S. 449, 462 (2007). This situation presents precisely the sort of case that was destined to be too short to be fully litigated. *See Kingdomware Tech., Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016) (two years is too short); *First Nat. Bank of Boston v. Bellotti*, 435 U.S. 765, 774 (1978) (18 months is too short); *Southern Pac. Terminal Co. v. ICC*, 219 U.S. 498, 515 (1911) (two years is too short). Given the uncertainty of outcomes in *Health Freedom*, there is some expectation that these complaining parties could again be subject to the mask mandate.

Defendants contend that there is no need for the Court to reach Plaintiffs' arguments about mootness in light of the parties' agreement that the case is not now moot. Should Defendants ultimately obtain *relief* from the *Health Freedom* order, and should a mask-wearing requirement remain necessary at that time, Plaintiffs can request further relief (at which point, if necessary, the Court will already have the benefit of the parties' existing briefs about the propriety of entering a preliminary injunction).

[4] Because the parties are responding to the Court's order jointly and agree that a stay is warranted, they do not intend to file the optional response briefs the Court authorized.

| | |
|---|---|
| Dated: July 29, 2022 | Respectfully submitted, |
| SIRI & GLIMSTAD LLP<br>Aaron Siri (Pro Hac Vice)<br>Elizabeth A. Brehm (Pro Hac Vice)<br>Catherine Cline (Pro Hac Vice filed)<br>200 Park Avenue, 17th Floor<br>New York, New York 10166<br>Tel: (212) 532-1091<br>aaron@sirillp.com<br>ebrehm@sirillp.com<br>ccline@sirillp.com<br>Ursula Smith (Pro Hac Vice)<br>100 Congress Avenue, Suite 2000-4590<br>Austin, Texas 78701<br>Tel: (512) 265-5622<br>usmith@sirillp.com<br><br>CHRIS WIEST, ATTORNEY AT LAW, PLLC<br><br>*/s/ Christopher Wiest*<br>Christopher Wiest (KBA #90725)<br>Chris Wiest, Attorney at Law, PLLC<br>25 Town Center Blvd, Ste. 104<br>Crestview Hills, Kentucky 41017<br>Tel: (513) 257-1895<br>chris@cwiestlaw.com<br><br>*Attorneys for Members* | BRIAN M. BOYTON<br>Principal Deputy Assistant Attorney General<br><br>MICHAEL A. BENNETT<br>United States Attorney<br><br>ERIC B. BECKENHAUER<br>Assistant Branch Director<br><br>*/s/ Michael J. Gerardi*<br>STEPHEN M PEZZI<br>ANDREW F. FREIDAH<br>JOHNNY H. WALKER<br>MICHAEL J. GERARDI<br>Trial Attorneys<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, D.C. 20530<br>Tel.: (202) 514-3183 / Fax: (202) 616-8460<br>Email: johnny.h.walker@usdoj.gov<br><br>*Attorneys for Defendants* |